UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x

DIANA CANNELLAS, ADMINISTRATRIX FOR
THE ESTATE OF GUIDO M. DIGIACOMO,

        Plaintiff,                  OPINION

  -against-                  04 Civ. 5308 (MGC)

MARTIN LENTZ and H. JOSEPH SAUBLE,

        Defendants.
--------------------------------X

APPEARANCES:

    MINITER & ASSOCIATES
    Attorneys for Plaintiff
    100 Wells Street
    Hartford, Connecticut 06103

    By: Francis A. Miniter, Esq.


    LITCHFIELD CAVO, LLP
    Attorneys for Defendants
    420 Lexington Avenue
    New York, New York 10170

    By: Edward Fogarty, Jr., Esq.

Cedarbaum, J.

Defendant Martin Lentz moves to dismiss this action on the grounds that it is barred by the statute of limitations. For the reasons that follow, the motion is denied.

BACKGROUND

On September 3, 2003, plaintiff filed a complaint against Lentz and Sauble asserting a claim for wrongful death and a survival claim for personal injury of the decedent, Guido M. DiGiacomo.  DiGiacomo was crossing the street on September 7, 2000 when he was struck by a vehicle driven by Lentz and owned by Sauble.  DiGiacomo died later that day from his injuries. Plaintiff's original claim for wrongful death was dismissed with prejudice at oral argument on January 6, 2004 because the claim was not brought within the two-year statute of limitations.  By opinion dated January 14, 2004 and entered January 27, 2004, the surviving personal injury claim, which was filed within the three-year statute of limitations period, was dismissed without prejudice because plaintiff had not yet been named as the administratrix for DiGiacomo's estate and therefore did not have standing to bring the personal injury claim.  Both the wrongful death and personal injury claims were dismissed prior to service of process on the defendants in that action.

Subsequent to the dismissal of the original action, plaintiff was named as administratrix for the decedent's estate. Thereafter, on July 7, 2004, plaintiff again filed a claim for the decedent's personal injuries and conscious pain and suffering. Plaintiff has proffered evidence that service on Lentz in the second action was commenced, pursuant to New York Vehicle & Traffic Law ("VTL") § 253, by mailing the statutorily specified documents to the New York Secretary of State and to defendant on or before July 14, 2004. Plaintiff has proffered return receipts from this mailing showing that the documents were received on July 16, 2004. Both parties agree that Sauble has never been properly or timely served and is no longer a party to this action.

## DISCUSSION

Plaintiff argues that Section 205(a) of the New York Civil Practice Law and Rules ("CPLR") permits the present action to be maintained against Lentz even though the present case was filed after the expiration of the three-year statute of limitations for personal injury claims. Section 205(a) provides:

> If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal

> jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

Plaintiff argues that because the prior, terminated action was commenced within the three-year limitation period and because plaintiff filed the present action and served Lentz within six months of the termination of the prior action, plaintiff is entitled to proceed with this action.

Defendant responds that CPLR § 205(a) is inapplicable for three reasons. First, defendant argues that plaintiff did not effect service on Lentz in the second action within six months of the termination of the prior action, as required by CPLR § 205(a). Second, defendant contends that plaintiff's original action was never "commenced" within the

meaning of Section 205(a) because plaintiff never served defendant after filing that action.  Finally, defendant argues that the original action was never "commenced" within the meaning of Section 205(a) because the plaintiff lacked standing to sue at the time the original action was filed.

Defendant's first argument fails because plaintiff substantially complied with the requirements of service under VTL § 253 within six months of the termination of the prior action.  Service was commenced on Lentz on July 14, 2004 and the required mailings were received on July 16, 2004, according to the return receipts proffered by plaintiff.  Although plaintiff failed to then file the statutorily-specified documents with the clerk of the court, the Fourth Department of the New York Appellate Division has held that a defendant who completes the two required mailings but fails to file the specified papers with the clerk has "substantially complied with service-of-process requirements of Vehicle and Traffic Law § 253…." Albrecht v. Gordon, 182 A.D.2d 1131, 1131, 583 N.Y.S.2d 99 (1992).  Therefore, plaintiff had "substantially complied" with the requirements for service of process on Lentz under VTL § 253 by July 16, 2004, at the latest.[1]

---

[1] Service was effective as of July 16, 2004, which is within the six-month period allowed by CPLR § 205(a), as explained below.  However, service in this case may be deemed to have been effective as early as July 14, 2004, the date of

Under CPLR § 205(a), the deadline for effecting service on Lentz was six months from the date of termination of plaintiff's prior action. The Fourth Department has held that this six-month period begins "running upon the date on which the order dismissing [the] claims [in the prior action] was *entered*." Yates v. Genesee County Hospice Found., Inc., 299 A.D.2d 900, 901, 750 N.Y.S.2d 727 (2002) (emphasis added), leave to appeal denied, 99 N.Y.2d 511 (2003) (table decision); accord Barad v. Comstock, No. 03 Civ. 0736, 2004 WL 1573999, at *2 (W.D.N.Y. June 4, 2004) ("The state court's Order dismissing plaintiff's action for lack of subject matter jurisdiction was *entered* on April 2, 2003. The six-month period for commencement of a new action under CPLR § 205 began to run from *that date*."(emphasis added)); cf. Gallo v. Ventimiglia, 283 A.D.2d 331, 331-32, 726 N.Y.S.2d 17 (1st Dep't 2001) (under former CPLR § 306-b(b)).

---

plaintiff's mailings to the Secretary of State and Lentz. It may be inferred from the decision in Bartholomew v. Padula that service under VTL § 253 is effective on the date when the summons is mailed to the secretary of state, rather than on the date of its receipt. 171 A.D.2d 947, 948, 567 N.Y.S.2d 559 (3d Dep't 1991) (rejecting the argument that service on the secretary of state, under VTL § 253, is ineffective to toll the statute of limitations and acquire personal jurisdiction over non-resident motorist if summons was mailed to the secretary of state prior to the expiration of the statute of limitations but received one day after the limitations period expired).

In this case, the plaintiff's prior action was terminated in federal, rather than state, court. However, federal orders, like state orders, are entered by the clerk of the court after they are signed. Fed.R.Civ.P. 79(a); Hill v. Hawes, 320 U.S. 520, 521, 64 S. Ct. 334, 88 L. Ed. 283 (1944) ("The clerk noted the judgment in the docket. This entry pursuant to Rule 79(a) of the Rules of Civil Procedure made the judgment effective at the date of entry."(citation omitted)). As in state practice, in federal practice the "'entry' date is not necessarily the same date that the judgment is dated, i.e., signed by the judge or court clerk, nor the same date that it is filed, i.e., date and time-stamped as officially received by the clerk's office." Connecticut v. Crotty, 346 F.3d 84, 92 n.12 (2d Cir. 2003)(quoting Houston v. Greiner, 174 F.3d 287, 288 (2d Cir. 1999))(italics omitted). In the present case, the order dismissing the survival claim was signed on January 14, 2004 and entered on January 27, 2004. Therefore, the action was terminated within the meaning of CPLR § 205(a) on January 27, 2004. By completing service on Lentz prior to July 27, 2004, plaintiff satisfied the requirements of CPLR § 205(a).

Defendant's second argument, that plaintiff's prior action was never "commenced" because defendant was never

served in that action, also fails because service was not required to "commence" the prior action within the meaning of CPLR § 205(a). The question of how an action is commenced is governed by state law. "In diversity cases, 'state statutes of limitations govern the timeliness of state law claims', and state law 'determines the related questions of what events serve to commence an action and to toll the statute of limitations.'" Diffley v. Allied-Signal, Inc., 921 F.2d 421, 423 (2d Cir. 1990) (citing Personis v. Oiler, 889 F.2d 424, 426 (2d Cir. 1989)); see also Walker v. Armco Steel Corp., 446 U.S. 740, 751-52, 100 S. Ct. 1978, 64 L. Ed. 2d 659 (1980). Prior to 1992, New York state law provided that an action was commenced by the service of a summons. In 1992, however, New York converted to a commencement-by-filing system. See CPLR § 304; 1992 N.Y. Sess. Laws Ch. 216 (McKinney). Many of the cases cited by defendant are inapposite because they were decided under the prior commencement-by-service system.

 Accordingly, under CPLR § 304, plaintiff's filing of the complaint in September 2003 was sufficient to commence the original action and, under CPLR § 203(c), such filing was also sufficient to interpose the claims asserted against the defendant and to toll the statute of limitations on those claims. See Barad v. Comstock, No. 03 Civ. 0736, 2004

WL 1573999, at *2 n.5 (W.D.N.Y. June 4, 2004) ("[S]ervice of process does not mark the commencement of a civil case under New York law. Rather, plaintiff's state court action was commenced upon the filing of the summons and complaint. Service of process is a separate and follow-up procedure. Thus, plaintiff's state court action was timely commenced.")(citations omitted).

Finally, defendant's argument that plaintiff's prior action was never "commenced" because plaintiff lacked standing to sue at the time the action was brought is without merit. The New York Court of Appeals has held that the dismissal of a prior wrongful death claim "based solely upon the absence of a duly appointed administrator does not preclude reprosecution of the underlying claim through the mechanism of CPLR 205(a) once a qualified administrator has been appointed." [illegible citation]; see also George v Mt. Sinai Hosp., 47 N.Y.2d 170, 175-76 (1979).

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied.

Dated: New York, New York
       October 24, 2005

                                    S/_____
                                    MIRIAM GOLDMAN CEDARBAUM
                                    United States District Judge